Nunez v. Indiana Department of Children's Services Good morning, your honors. Adam Cedia on behalf of the appellants. The district court here dismissed an FLSA overtime complaint by state employees on two grounds. One, it said Indiana had not consented to be sued under the FLSA in federal court. We submit it was wrong on both counts. The Indiana contract claim statute is clear. It expresses a broad waiver of sovereign immunity. The exact language is a claim arising out of a contract may be brought against the state. That is a significantly wide area of cases. Federal case law from no less than four sister circuits states that the provisions of the FLSA are read into contracts. Indiana case law states that employment is a contract. Plaintiffs under the allegations of the complaint and federal statute 29 United States Code 203 E2C are plainly covered by the terms of the FLSA. Therefore, their claim as brought in this case is one arising out of a contract to which Indiana has consented. The states and the district courts position were that the words FLSA or similar words need to appear in the statute but requiring that specificity actually reads the statute out of existence because you could make the same argument with respect to any type of contract claim. It doesn't say land sale contracts. It doesn't say pensions. So therefore, there's no express consent. In that regard, the consent is express and it is broad and the district court erred to conclude otherwise. Regarding consent to be sued in federal court, we have this case I submit falls on a continuum. On the one hand, we have the Reeves case from 1900 U.S. Supreme Court where there was a statute where California said you can only sue us in Sacramento County and it was held that there was no consent to be sued. On the other end of the continuum, you have the Port Authority case from 1990, again U.S. Supreme Court, where there was a New York statute that stated you can sue us in any venue provided for by state or United States law and that was held to constitute a waiver or consent to be sued in federal court. Here, there's no statement about venue one way or another in the statute and I submit two things. First of all, the National City case from the First Circuit fills that gap where there's a general consent to suit without a specification of venue. You take the state at its word and that it can be sued in a state or a federal forum. Second is the statement from Port Authority itself where the Supreme Court stated that issues of venue are closely related to those of sovereign immunity and the state's constitutional interest encompasses not whether but where it may be sued. Indiana chose not to express one way or another where it could be sued in this case and under the reasoning of National City and under the reasoning of Port Authority where venue is a very to take into account. Counsel, I understand how you can piece all this together but it feels like a kind of double bank shot that amounts to an implicit waiver that we really don't have. That's not enough as we said in There's no implicit waiver because of the breadth of the consent to suit in the contract claim statute. It says a claim arising out of contract. Again, take the state at its word. A claim means a claim, any claim. In the Mueller case that the district court relied upon is entirely distinguishable. They were trying to say that the state's adoption of federal FLSA standards and its regulation amounted to a consent to be sued. Here, we're not saying that the state adopted anything. In fact, Indiana expressly excludes from its own state labor protection employers who are subject or employees rather who are subject to the FLSA. Rather, we're relying on a statute that's where the implicit waiver argument with respect to suit in federal court. Again, there's the National City case where we have a statute that says you can sue us in these types of cases, period. And the First Circuit held that that, again, it took the government at its word. That was the 1942 decision from the First Circuit? That is correct and it's still valid. Before a good deal of 11th section jurisprudence over the last few decades. I understand that, Your Honor, and if you shepherd eyes the case, you'll find that there's been no even cutting back of that holding. And I submit that the National or rather the Port Authority case had no effect on it because, again, it discussed venue provisions. And I would like to leave the court with a thought before I reserve my time, unless there are no further questions. Actually, you seem to rely quite a bit on the 1998 legislation in Indiana recodifying most of Title 34, right? Correct. On the theory that everybody who did that recodification should have understood that by now the FLSA can apply to state employees and so on. Exactly. If we look at that law, I mean, that's just one of kind of the periodic massive reorganization and recodification bills that the legislature does. They repealed, if I recall correctly, all of Title 34 Articles 1, 2, 3, 4, and 5 and replaced them with 6, etc., right? Yes. Without changing language and I thought it was pretty well established, at least in the way the Indiana legislature operates when they do that, they're not meaning to change anything, any law, any substantive law. They're just reorganizing it so it's easier to read. Well, that's the case but it doesn't, the language is still the language and it doesn't change what the federal jurisprudence is. But, so we don't really need to give any particular significance to the 1998 recodification, do we? I wouldn't give great significance to it. Our position has always been the language is the language. I do want to leave the court with one final thought. If the district court was correct in determining that there was no consent to suit in federal court, it should have not ruled on the issue of consent in general and reserved that to the Indiana courts. So, we would ask for a reversal or a reversal with modification, if not then, when I resist the remainder of my time. Thank you. Ms. Raymond. Good morning, Your Honors. May it please the court. The Supreme Court has held that it will find a waiver only where there is a clear indication by the state that it consents to suit. It is particularly important that sovereign immunity includes not only whether a state may be sued, but where it consents to be sued. Therefore, a state that gives a general consent to suit, such as the case in this statute, the statute in this case, is simply not enough. The Supreme Court has repeatedly held that a state must specifically subject itself to suit in federal court. Port Authority gives a very clear guidance on what constitutes consent to court, consent to federal court jurisdiction. Port Authority cited a general consent to suit statute in both New Jersey and New York law, citing consent that the Port Authority consents to suits, actions, or proceedings against the New York Port Authority, and the court held that this was simply too considered a consent to suit in federal court. However, the court found that a later venue provision was sufficiently clear that it did constitute a consent to court in federal jurisdiction. That language specifically says that venues shall be laid within a county or judicial district established by one of said states or by the United States. There is simply none of that language that can be found in 3413.1.1. Similar language that might be applicable is stating that the state of Indiana consents to suit in federal courts or consents to suit in federal jurisdiction. Again, none of that language, no mention of federal courts, courts of the United States, etc. Now, the reason for this is that the state only intended in Indiana Code section 3413.1.1 to apply to state contract claims brought in state court. The legislature's intent can be seen in section 5 of this chapter, where it states that in all actions against the state, either party may appeal directly to the Supreme Court. The only way that either party could appeal to the Indiana Supreme Court is if it submitted this case in an Indiana state trial court. Now, I know the appellants are dismissive of section 5 as being merely procedural. However, procedural rules give a strong indication of the legislature's intent about where it expected to be sued. For example, in Smith v. Reeves, which the appellants rely on extensively, at page 441, the Supreme Court relied on two the state indicated that it only contemplated proceedings in its own judicial tribunals. Similarly, here you can see from section 5 that the state of Indiana only contemplated proceedings of state law contract claims to be carried out in its own courts. Similarly, I also wanted to point out that National City Bank is no longer good law. A little over three years after the First Circuit decision in National City Bank, the Supreme Court held in Pinnacott-Copper v. Silver King that the phrase, any court of competent jurisdiction, which creates a seemingly broad class of venues, was simply not enough to express the state's consent to suit in federal court. Furthermore, there are no cases that cite to National City Bank in bolstering its authority, and as obviously, as it's obviously seen, that National City Bank is merely a circuit court case and has no controlling authority in this court. Furthermore, this court also held in Mueller that phrasing such as, any court of competent jurisdiction, failed to establish that Wisconsin consented to suit in federal court. Based on the language that is in Indiana Code section 341311, Indiana has not expressly consented to suit in federal court. As the Supreme Court noted in Port Authority, there is a danger of a court potentially construing what is simply a general consent to suit, particularly in state court, as applying to consent to suit in federal courts. We do not want this court to make that mistake. Because the state of Indiana has maintained its sovereign immunity from suit in federal court under the Fair Labor Standards Act, the Indiana Department of Child Services asked this court to affirm the district court's decision dismissing this case. If there are no further questions. Thank you. Mr. Sevilla? Briefly, Your Honors. The Kennecott-Hopper case, again, and obliquely, as was obliquely referenced, the Mueller case, were both venue provisions and statutes. As the Port Authority case holds, that those carry primary weight in determining consent of the forum in which a state will be sued. The provisions here are too attenuated from venue and they serve as modification of the state trial rules and state procedure law is, of course, yields to, it of course, yields to federal procedure law in the federal forum. With that, we reiterate our request for release. Thank you. Thanks to all counsel. The case is taken under advisement.